THE PRESIDENT AND DIRECTORS OF THE UNION BANK OF MARYLAND *v.* THEOPHILUS FREEMAN.

Under the act of Congress of 26th May, 1790, an act of the legislature of another State can only be authenticated by affixing the seal of the State thereto.

A copy of an act of the legislature of another State, certified to have been made "from *Liber*, I. G., one of the law records of the State, belonging to the office of the Court of Appeals," is inadmissible. A copy from the original deposited among the archives of the State, would be better evidence.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MARTIN, J. The defendant and appellant asks for the reversal of the judgment and for one of nonsuit, and has placed the case before us on a bill of exceptions taken to the admission of a copy of the plaintiffs' act of incorporation. The document offered in evidence purports to be a copy of the act of the legislature of the State of Maryland, incorporating the plaintiffs; and its admission was opposed on the grounds, that it was not authenticated according to the act of Congress; that the certificate of the clerk of the Court of Appeals, and of the presiding judge thereof, offered no legal evidence of its being a copy; that the document purports, on its face, to be only the copy of a copy; and that a copy of the original, given by the officer in possession of it, could alone afford legal evidence.

The defendant, in his answer, had expressly denied the plaintiffs' right to sue as a corporate body. They were, therefore,

bound to produce their act of incorporation. The act of Congress of 1790, chap. 38, has an express provision directing the mode in which the public acts, records, and judicial proceedings in each State, shall be authenticated, &c. The plaintiffs' act of incorporation is an act of the legislature of the State of Maryland, not a record of a judicial proceeding in any court of that State.

The act of Congress provides " that the acts of the legislatures of the several States shall be authenticated by having the seal of their respective States affixed thereto." The plaintiffs produced a copy of their act of incorporation, which the clerk of the Court of Appeals for the western shore of Maryland, has certified to be a full and true copy of the act of the General Assembly of Maryland, of which it purports to be a copy, as taken from *Liber*, I. G., No. 4, folio 578, &c., one of the law records of the State of Maryland, belonging to the office of the Court of Appeals for the western shore of said State. The certificate is attested by the signature of the clerk, and the seal of the court is affixed thereto. It is accompanied by the certificate of the presiding judge, attesting the capacity of the clerk, and that his certificate is in due form. The clerk's and the judge's certificates would authenticate the document to which they are affixed, if it were the copy of a judicial proceeding. As the copy of an act of the legislature, it lacks the seal of the State, which the act of Congress has made an essential requisite. The document was certainly inadmissible, under the act of Congress. Under the general principle which requires, that the best evidence of which the case is susceptible shall be produced, the objection to its admission was equally strong. The copy does not purport to have been made from the original act, but from a copy thereof, entered in a book belonging to the Court of Appeals, for the western shore of Maryland. It is, therefore, clear that a copy made from the original, deposited among the archives of the State, probably kept in the office of the Secretary of State, with the seal of the State affixed thereto, would have been better evidence. Indeed, nothing could, perhaps, dispense with the impression of the seal of the State on the document offered in evidence. The judge in our opinion erred.

It is, therefore ordered, that the judgment be annulled and reversed, and the case remanded for a new trial, with directions

to the judge, to require legal evidence of the plaintiffs' act of incorporation ; the plaintiffs and appellees paying the costs of this appeal.

*Mott*, for the plaintiffs.

*R. N. Ogden* and *A. N. Ogden*, for the appellant.